STATE of Delaware, Plaintiff Below, Appellant,

v.

Erik MORROW, Defendant Below, Appellee.

Supreme Court of Delaware.

Submitted Feb. 11, 1992.

Decided: March 5, 1992.

Rehearing Denied March 20, 1992.

Thomas A. Foley, Dept. of Justice, Wilmington, for appellant.

Joseph A. Hurley, Wilmington, for appellee.

Before HORSEY, WALSH and HOLLAND, JJ.

HOLLAND, Justice:

This is an appeal by the plaintiff-appellant, State of Delaware ("State"), from a decision of the Superior Court. That decision granted the motion of the defendant-appellee, Erik Morrow ("Morrow"), to suppress evidence of 42 vials of crack cocaine that were seized from his person. The State has certified that the excluded evidence is essential to the prosecution of the case. 10 *Del.C.* § 9902(b). After carefully reviewing the entire record, this Court has concluded that the judgment of the Superior Court must be reversed.

### Facts

On April 22, 1990, Officer Thomas Dempsey ("Officer Dempsey"), along with his partner, responded to a radio call describing a "man with a gun" at 8th and Harrison Streets in Wilmington. Officer Dempsey and his partner observed two males walking together on 8th Street, two blocks from Harrison Street. One of the two males matched the description of the "man with a gun." The other male was Morrow.

The officers, who were in plain clothes, pulled their vehicle alongside the two men, identified themselves as police officers, and ordered the two men to halt. Morrow disregarded this command and kept walking. At that time, Officer Dempsey exited the car and grabbed Morrow's left arm, the hand of which Morrow had placed within his front pants pocket.

Morrow refused to assume a pat-down position. A subsequent struggle ensued. As a result, Officer Dempsey was forced to pin Morrow against the police vehicle with his own body in order to conduct a pat-down.

During this pat-down, Officer Dempsey felt a hard object in Morrow's left front pants pocket. Not sure what the object was, yet fearing it could be the handle of a small caliber gun, Officer Dempsey testified that he reached into Morrow's left front pants pocket and removed the object. The object in question turned out to be two tightly wrapped plastic bags containing 26 and 16 vials of crack cocaine respectively.

### Motion to Suppress

Morrow's motion to suppress evidence in the Superior Court alleged that Officer Dempsey's action in this case was contrary to the holding of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The scope of the holding in *Terry*, as it applies to this case, has been succinctly delineated by the United States Supreme Court:

> The Court recognized in *Terry* that the policeman making a reasonable investigatory stop should not be denied the opportunity to protect himself from attack by a hostile suspect. "When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others," he may conduct a limited protective search for concealed weapons. * * *. The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence, and thus the frisk for weapons might be equally necessary and reasonable whether or not carrying a concealed weapon violated any applicable state law. So long as the officer is entitled to make a forcible stop and has reason to believe that the suspect is armed and dangerous, he may conduct a weapons search limited in scope to this protective purpose. * * *.

*Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972) (quoted in *Nash v. State*, Del.Supr., 295 A.2d 715, 717 (1972)). In ruling upon Morrow's motion to suppress, the Superior Court concluded that although Officer Dempsey was justified in making an investigatory *Terry* stop, he lacked an articulable basis to believe the object in Morrow's pocket was a weapon. Therefore, the Superior Court ruled that Officer Dempsey exceeded the lawful limited scope of a *Terry* protective search by reaching inside of Morrow's pocket and removing its contents.

### Protective Search Proper

■ It is well established that investigative detentions are often fraught with danger to police officers. *Robertson v. State*, Del.Supr., 596 A.2d 1345, 1353 (1991). *See also Terry v. Ohio*, 392 U.S. at 23–24, 88 S.Ct. at 1881. It is also well established that when an investigative detention results in a forced encounter, "the officer's right to take suitable measures for his own safety follow[s] automatically." *Robertson v. State*, 596 A.2d at 1353. The sole issue in this case is the scope of a protective search incident to what the Superior Court determined to be a lawful *Terry* investigatory detention. *See Bromwell v. State*, Del.Supr., 427 A.2d 884, 890 (1981).

■ When the search of a person, properly detained for an investigatory purpose, is established to have been made for reasons of safety, this Court has held that the permissible scope of a "safety search" should be determined by balancing the competing interests of the officer's safety and the degree of intrusion upon a person's privacy rights. *Id.* at 890–91. This Court has also held that it is unreasonable and unrealistic to impose an inflexible limit upon a protective weapon search of a lawfully detained suspect to a clothing frisk, regardless of the attendant circumstances. *Id.* at 891. Consequently, the circumstances which gave rise to the "safety search" in each case must be the *sine qua non* of judicial analysis.

In determining the lawfulness of a protective search for weapons, following a proper *Terry* investigatory detention, this Court has recently stated:

> [T]here must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. *The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.*

*Robertson v. State*, 596 A.2d at 1352 (quoting *Terry v. Ohio*, 392 U.S. at 27, 88 S.Ct.

at 1883 (emphasis added)). In applying that standard in this appeal, we must determine whether the facts available to Officer Dempsey, at the moment of the search of Morrow's left front pants pocket, would "warrant a man of reasonable caution in the belief 'that the action taken was appropriate.'" *Id.* at 1352 (quoting *Pennsylvania v. Mimms*, 434 U.S. 106, 112, 98 S.Ct. 330, 334, 54 L.Ed.2d 331 (1977)). *See also Goldsmith v. State*, Del.Supr., 405 A.2d 109, 113 (1979).

In the case *sub judice*, Officer Dempsey first saw Morrow walking together with someone fitting the description of a man believed to be in possession of a gun. Morrow was ordered to stop walking but refused. Officer Dempsey then observed Morrow place his hand into his pants pocket. Officer Dempsey attempted to pat-down Morrow. He not only resisted but tried to prevent Officer Dempsey from touching the pocket of his pants. During this pat-down, Officer Dempsey felt a hard object in Morrow's pants pocket, which Officer Dempsey believed, but was not certain, could have been the handle of a small gun. Fearing that Morrow might have a weapon, Officer Dempsey reached into Morrow's pocket and removed the object.

The record reflects that Morrow had been properly detained. *See Bromwell v. State*, 427 A.2d at 890. The record also reflects that since Morrow's reaction to a proper *Terry* investigatory stop had resulted in a forced encounter, Officer Dempsey was reasonable in believing his safety was in danger. Accordingly, the record reflects that Officer Dempsey did not exceed the limited scope of a lawful *Terry* protective search for weapons, during a confrontational investigatory detention, by reaching into Morrow's pocket and removing a hard object he reasonably believed could have been a small caliber gun. *See Terry v. Ohio*, 392 U.S. at 16, 88 S.Ct. at 1877; *Robertson v. State*, 596 A.2d at 1353; *Bromwell v. State*, 427 A.2d at 891; *State v. Wausnock*, Del.Supr., 303 A.2d 636, 637 (1973); *Nash v. State*, 295 A.2d at 717; *Brown v. State*, Del.Supr., 295 A.2d 575, 577–78 (1972).

### Conclusion

The judgment of the Superior Court which granted Morrow's motion to suppress the evidence seized by Officer Dempsey from Morrow's pants pocket, is REVERSED.